UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-40021 |
| ) | |
| KIRK CURTIS BRYNER, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant Kirk Curtis Bryner's ("Bryner") request for a six month extension of time in which to file a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

Bryner suffered a massive cerebral stroke on June 3, 2005 and, as a result, asks this Court to extend the one year statute of limitations for bringing a § 2255 motion for six months.

A federal prisoner may move a district court to vacate, set aside, or correct a sentence on the grounds that it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255. However, a motion made pursuant to § 2255 is subject to a one-year period of limitation. *Id.* Section 2255 provides:

> A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In this case, Bryner is not arguing that the government created an impediment to the filing of a § 2255 motion, that the Supreme Court has recognized a new right and made that right retroactive on collateral review, or that the facts of his claim could not have been discovered through the exercise of due diligence.[1] Therefore, the one year period within which Bryner could have timely brought a § 2255 motion began on the date on which the judgment of his conviction became final. According to Rule 4(b) of the Federal Rules of Appellate Procedure, Bryner's conviction became final 10 days after he was sentenced. Fed. R. App. P. 4(b). Bryner was sentenced on May 14, 2004 and therefore his conviction became final on May 28, 2004.

The Court's ability to allow an extension of time for the filing of a § 2255 motion is extremely limited. Even though the Seventh Circuit has held that "§ 2255's period of

---

[1] To the extent that Bryner could argue that he was unable to discover certain facts that support his claim for relief under § 2255 because he was incapacitated due to his stroke, the fact remains that any exercise of due diligence would have had to occur prior to his stroke as his stroke occurred more than one-year after his judgment of conviction became final.

limitation is not jurisdictional but is instead a procedural statute of limitations subject to equitable tolling," equitable tolling is granted sparingly. *U.S. v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000). "Equitable tolling if the statute of limitations is a remedy reserved for 'extraordinary circumstances far beyond the litigant's control [that] . . . that prevented timely filing.'" *Nolan v. U.S.,* 258 F.3d 480, 484 (7th Cir. 2004). Equitable tolling of the statute of limitations is such exceptional relief that the Seventh Circuit has "yet to identify a circumstance that justifies equitable tolling in the collateral relief context." *Id.*

Here, the Court recognizes that Bryner's medical condition could very well be the type of circumstance that would justify the extraordinary remedy of equitable tolling. However, the Court need not address this issue because Bryner's § 2255 motion would have already been untimely even if he had not had the stroke. Bryner's conviction became final on May 28, 2004 and therefore the statute of limitations on his § 2255 motion expired on May 28, 2005.

Bryner's stroke did not occur until June 3, 2005. As stated in his request for an extension of time, Bryner spent much of June in a hospital in Mankato, Minnesota. He was then moved to Rochester, Minnesota for testing and physical therapy. Bryner informed the Court::

> While in Rochester under going testing and physical therapy, I made out my 2255. I stayed at Rochester (6) six months, when I returned to Waseca, FCI, I came across my copy of my 2255. I must have been more mentally impaired than what I thought previously, as none of my points were anywhere near the approach I had planed [sic] prior to the stroke.

Accordingly, Bryner admits that he was not moved to Rochester until after he suffered the stroke and that he did not begin to draft his § 2255 motion until he was in Rochester.

Therefore, even if Bryner's stroke were an "extraordinary circumstance" sufficient to justify equitable tolling, the stroke did not prevent him from filing a timely § 2255 motion because he had the stroke on June 3, 2005 and the statute of limitations for the filing of his motion expired on May 28, 2005.

For the reasons set forth herein, Bryner's Motion for an Extension of Time to File a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#60] is DENIED.

ENTERED this 21st day of February 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
