E-FILED
Tuesday, 01 May, 2007   03:21:12 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-40021-004 |
| ) | |
| KIRK CURTIS BRYNER, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S SUPPORTING MEMORANDUM IN RESPONSE TO
DEFENDANT'S MOTION TO SEVER FRP FROM CO-DEFENDANTS
AND SET ASIDE UNTIL SUPERVISED RELEASE**

In support of its Response to Defendant's Motion (Doc. 85) the government states the following:

### I. Background

1. On April 25, 2003, the Defendant Kirk Curtis Bryner (Bryner) plead guilty to Conspiracy to Manufacture Methamphetamine.

2. The Drug Enforcement Administration (DEA) incurred costs of $4,124.75 for clean up of the methamphetamine laboratory sites. (PSR ¶34)

3. On May 14, 2004, Bryner was sentenced to 240 months in prison and ordered to pay immediately $100 special assessment and $4,124.75 restitution to the DEA jointly and severally with co-defendants Richard Allen Mitchell, George William Price and Hector Rojelio Interial. Interest on the restitution was waived. On the same date, the Court imposed similar restitution orders on Bryner's co-defendants.

4. On February 11, 2005, in a separate, but related case (02-40217), the court imposed a similar order of restitution on Rex Eugene Harvey jointly and severally with Mitchell, Price, Interial and Bryner.

5. Bryner has paid a total of $590.51 restitution. (See Account Summary attached as Exhibit A.) The total amount paid by all five defendants on the restitution owed to DEA is $2,735.45. A balance of $1,389.30 remains owing to the DEA.

## II. Law and Argument

6. Bryner's motion is based on his being transferred to Rochester for medical evaluation and treatment. In his motion, Bryner indicated that he had no complaint with paying one-half of his earnings when he was working at UNIOCR, but "[w]hile at Rochester, [he] is medically unassigned, cannot work therefore, he has no income." ( Doc.75, p.1- unnumbered ¶ 1 & p.2 unnumbered ¶ 1) Bryner is no longer at Rochester and is again working. (See Bryner's Deposits at Terre Haute showing payroll deposit on April 9, 2007 attached as Exhibit B.) Therefore, there are no grounds for requesting a suspension of payments.

7. District Courts have limited power to revisit sentences after they are imposed. *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). Once a court sentences a defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule. *Id.* A criminal restitution order is a final judgment that may be adjusted or modified only under specified circumstances. 18 U.S.C. §3664(o).     .

8. A restitution order may be adjusted based on a material change in a defendant's economic circumstances. 18 U.S.C. §3664(o)(1)(D) and §3664(k). Bryner has not shown a material change in his economic circumstances that would warrant adjustment of the payment schedule. Even if his medical stay at Rochester were to be considered a material change, he is now able to work again. The Court is not authorized to change the payment terms of the restitution order unless a defendant shows a material change in economic circumstances. *Goode*, 342 F.3d at 744.

9.  18 U.S.C. §3664(h) authorizes a sentencing court to "make each defendant liable for payment of the full amount of restitution or may apportion liability among defendants."  See also, *United States v. Sensmeier*, 361 F.3d 982, 990 (7th Cir. 2004).  This Court clearly ordered Bryner and his co-defendants to pay restitution jointly and severally.  This Court has no authority to change the terms of the final restitution order.

10.  Furthermore, joint and several liability of co-defendants provides the greatest assurance that restitution will be paid in full.  If each of the co-defendants were ordered to pay a proportionate share and for some reason one or more of them could not pay his share, then the full amount of restitution would not get paid.  A defendant who is jointly and severally liable remains responsible for the entire liability as long as it remains unpaid.  *United States. V. Scop*, 940 F.2d 1004, 1010 (7th Cir. 1991).

WHEREFORE, the Defendant's motion should be denied.

Respectfully submitted,
RODGER A. HEATON
United States Attorney

s/ Elizabeth L. Collins

By: _____

Elizabeth L. Collins, IL Bar No. 487864
Attorney for Plaintiff
United States Attorney's Office
318 South Sixth Street
Springfield, IL  62701
Telephone:  (217) 492-4450
Fax:  (217) 492-4888
Email:  beth.collins@usdoj.gov

# CERTIFICATE OF SERVICE

      The following persons were served with a copy of the foregoing electronically or by mailing them a copy.

                              Kirk C. Bryner, #13121-026
                              United States Penitentiary
                              4200 Bureau Road N.
                              Terre Haute, IN  47808-8128

      May 1, 2007                                                  s/ Elizabeth L. Collins
Date:_____    _____
                                                                        Elizabeth L. Collins